Rex, J.
The information charges, that on the 21st day of September, 1874, the board of education of Richfield township, in the county of Lucas, consolidated subdistricts one, four, and six of the township, by dividing subdistrict *258 four, and attaching its parts in equal proportions to sub-districts one and six, thereby forming two new subdistriets; that at the time of the consolidation, the defendants, Luther C. Gibbs and Lorenzo Lathrop, were local directors in subdistrict one, Matthew M. Dennis, George Tredway, and Alanson Hines in subdistrict six, and three citizens of «ubdistrict four in that subdistrict; that from the time of such consolidation Gibbs and Lathi’op have unlawfully usurped the offices of local directors in subdistrict one, and Dennis, Hines, and Tredway in snbdistrict six, and prays that they be required to answer by what warrant they assume to act as such local directors.
The plea admits that the defendants are exercising the ■duties and powers of the offices named, as of the temis of office held by them respectively in subdistricts one and six, at the time the territory named was attached thereto; but deny that there was any consolidation of subdistriets, or that they have unlawfully intruded into or usurped the ■offices of local directors of the subdistriets named.
The agreed statement of facts upon which the cause was submitted shows,that the township was originally divided into six subdistricts for school purposes, in each of which there were three legally elected local directors; that on the day above named the board of education of the township, which consisted of one local director from each subdistrict, divided subdistrict four and attached one-half of it to sub-district one, and the remaining half to subdistrict six; that ■of the local directors of the former subdistrict four, two now reside in the present subdistrict one, and one in sub-district six; that the board of education did not order a new election for local directors for the subdistricts so altered by the' attachment of new territory, and that the defendants are now acting as the local directors thereof.
Upon these facts, the question to be determined is, whether, in view of the provisions of section 82 of the act of May 1, 1873, for the reorganization and maintenance of •common schools, 70 Ohio L. 195, the change thus made was a consolidation of the subdistricts named, to form a *259 new subdistrict, or a mere change or alteration of the sub-districts of the township ?
The object of the act is to maintain a thorough and efficient system of common schools throughout the state, and .as one of the means of accomplishing that object it provides, that, except in certain special cases, the subdistricts in township districts shall each contain, by enumeration, at 'least sixty resident scholars, and for the purpose of keeping the subdistriets up to the minimum standard of enumeration, two modes are provided in section 32, either of which the township board of education is authorized to adopt. The first mode provided is by the change or alteration of the boundaries of the subdistricts, and the second, by the consolidation of two or more subdistricts to form a new one. Where the first mode is adopted, the act makes no provision for the election of local directors for the subdistricts so changed or altered, and hence it must be presumed to have been the intention of the general assembly that in such cases the local directors of the original subdistricts should remain in office until their successors were elected at the annual election provided for in the act; but where the second mode is adopted, the act requires “ that the board shall call a special meeting of the qualified electors resident in the new subdistrict, for the purpose of electing three local directors for the same.”
In this case the mode adopted by the board of education to secure the object named, was the change of the boundaries of subdistricts one and six, by the addition to each of territory taken from subdistrict four. This can not be held to be a consolidation of two or more subdistricts to form a new one, without giving to the words used in the section a construction not warranted by their ordinary and obvious import and meaning.
The conclusion necessarily follows, that the defendants do not unlawfully usurp the offices named.

Judgment for defendants,

McIlvaine, C. J., Welch, White, and Gilmore, TJ., concurred.